IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR ERNESTO URIARTE,

      Petitioner,                   No. CIV S-09-3417 GGH P

   vs.

F. GONZALEZ, et al.,             <u>ORDER AND</u>

      Respondents.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. On December 7, 2009, this action was transferred to this court from the United States District Court for the Central District of California.

        The petition raises two claims. First, petitioner alleges that his Eighth Amendment rights were violated because voices were placed in his head which inflict pain. These apparently frivolous allegations appear to challenge a condition of confinement rather than the legality of petitioner's conviction. For that reason, these claims should be brought in a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, these claims are dismissed.

/////

/////

1    In claim two, petitioner alleges that he received ineffective assistance of counsel.
2 Petitioner indicates that this claim was not raised on direct appeal nor in a habeas corpus petition
3 filed in the California Supreme Court.
4    The exhaustion of state court remedies is a prerequisite to the granting of a
5 petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must
6 be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,
7 thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
8 providing the highest state court with a full and fair opportunity to consider all claims before
9 presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512
10 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
11    Because petitioner's ineffective assistance of counsel claim has not been
12 presented to the California Supreme Court and there is no allegation that state court remedies are
13 no longer available, this claim should be dismissed.[2]
14    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign
15 a district judge to this action;
16    Accordingly, for the reasons discussed above, IT IS HEREBY RECOMMENDED
17 that this action be dismissed.
18    These findings and recommendations will be submitted to the United States
19 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
20 twenty days after being served with these findings and recommendations, petitioner may file

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  written objections with the court.  The document should be captioned "Objections to Findings
2  and Recommendations."  Petitioner is advised that failure to file objections within the specified
3  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
4  (9th Cir. 1991).
5  DATED: December 22, 2009

                                      /s/ Gregory G. Hollows
                                      UNITED STATES MAGISTRATE JUDGE

10  ur2417.dis